AO 91 (Rev. 11/11)  Criminal Complaint

C. Moyer  713-567-9588

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

SOUTHERN DISTRICT OF TEXAS
FILED

JAN 11 2016

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Alfonsiya Ward | ) | Case No. H16-35 M |
| Darrien Davis | ) | |
| Lawrence Leonard | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 8, 2016__ in the county of __Harris__ in the
__Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2113(a) | Bank Robbery |
| 18 USC 924(c)(1)(A)(ii) | Firearm during a crime of violence |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Justin R. Widup, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 01/11/2016

_____
Judge's signature

John R Froeschner
Printed name and title

City and state: Houston, TX

**AFFIDAVIT**

I, Justin R. Widup (hereafter Affiant), being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and assigned to the FBI Houston Division, Violent Crimes Task Force (VCTF), which is comprised of Agents from the FBI, Officers from the Houston Police Department (HPD), and Deputies from the Harris County Sheriff's Office (HCSO). I have been a Special Agent with the FBI for approximately one year and was previously a sworn Police Officer in the State of Maryland for 10 years. The facts contained in this affidavit are based upon information provided to me by other law enforcement officers, other witnesses, and my own personal knowledge. Since this affidavit is made for the limited purpose of supporting a criminal complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the crime charged. Unless otherwise indicated, where actions, conversations, and statements of others are related herein, they are related in substance and in part only.

2. Based on the facts and circumstances outlined below, there is probable cause to believe that, ALFONSIYA JAMES WARD, Date of Birth 07/12/1981, DARRIEN DEION DAVISON, Date of Birth 03/04/1995, and LAWRENCE LAMAR LEONARD, Date of Birth 01/14/1990, did knowingly and willfully commit an offence against the United States, to wit: Bank Robbery, in violation of 18 U.S.C. section 2113(a) and Firearms, in violation of 18 U.S.C. section 924(c)(1)(A)(ii).

3. On January 6, 2016, at approximately 2:49 pm, investigation revealed two suspects entered the Chartway Financial Credit Union, 4373 F.M. 1960 W, Spring, Texas, insured by the NACU, with firearms and demanded the bank tellers to give them the money. The suspects took approximately $1,000.00 in a bank bag of quarters, $343.05 in U.S. Currency, and fled the scene. Witnesses at the bank described the suspects as black males. One male is observed holding a phone to his face during the robbery.

4. On January 8, 2016, at approximately 2:01 pm, two armed suspects entered the Amegy Bank, 400 N. Sam Houston Parkway E, Houston, Texas, hereinafter bank, insured by the FDIC. One suspect, wearing a white t-shirt, black pants, visible red undershorts, and black and white shoes, jumped the counter and ordered the teller to give her cash from the drawer while pointing a gun at her. The other suspect, wearing a grey hoodie, black pants, and black and red shoes, entered the lobby, ordered everyone to the ground, and acted as the lobby guard, while pointing the gun at a witnesses face. The suspects stole $19,943.70 in U.S. Currency and then fled the bank location. Several witnesses at the bank described the subjects as black males carrying small, semi-automatic hand guns. An off-duty HCSO Deputy observed the suspects fleeing the bank in a black PT Cruiser.

5. A teller hid a GPS tracking device in U.S. Currency taken from the bank. HPD Officers were able to use the data from the tracking device to conduct a traffic stop on a black Nissan Xterra vehicle, occupied by 4 individuals. The occupants were WARD, LEONARD, MORGAN MEYER (DOB 11/14/1996), and DIANA CONTRERAS (DOB 10/22/1996). After the traffic stop another individual, DAVISON, walked back toward the vehicle. Officers recognized DAVISON from still images of the bank robbery as being the subject that jumped the counter.

6. At approximately 4:02pm, HPD took all subjects back to the Amegy Bank to be identified. Three separate witnesses identified DAVISON as the suspect that jumped the counter with a handgun and demanded money from the teller. Two witnesses identified LEONARD as the subject who had a gun, ordered everyone to the floor, and stood in the doorway.

7. All suspects were taken to HPD's Greenspoint sub-station and interviewed. The following information was provided:

8. DAVISON was interviewed and provided a full confession for his role in both robberies. DAVISON advised he was approached by WARD and asked to help him with a bank robbery. On Wednesday, January 6, 2016, WARD drove DAVISON and LEONARD to the Chartway Federal Credit Union, 4373 F.M. 1960 Spring, Texas. DAVISON and LEONARD entered the bank, both armed with guns, and demanded money from the teller. DAVISON said they took $1000 worth of quarters, and fled the scene.

9. On January 8, 2016, WARD again approached DAVISON and LEONARD and asked them to participate in another robbery. DAVISON, LEONARD and CONTRERAS were in DAVISON'S PT Cruiser, while WARD and MEYER were in WARD'S Xterra.

10. During the robbery, LEONARD was on speakerphone with WARD. Once they entered the bank, LEONARD ordered everyone to the ground at gunpoint, while DAVISON jumped the counter, and demanded money from the teller. The teller placed the money into a trashcan, and gave it to DAVISON. DAVISON then jumped back over the counter, and gave the trash can to LEONARD. DAVISON and LEONARD exited the bank, and fled the scene in DAVISON'S PT Cruiser. DAVISON was getting instructions via CONTREARAS phone on where to meet WARD. WARD directed DAVISON to a neighborhood, where he was waiting.

11. DAVISON, LEONARD, and CONTRERAS got into WARD'S Xtrerra. As the police cars were lining up behind the Xterra, DAVISON jumped out of the Xterra after it rounded a corner, out of sight of the police cars. DAVISON felt guilty, and came back for his girlfriend, CONTRERAS, where he was placed into custody.

12. CONTRERAS was interviewed and stated she is relationship with DAVISON. CONTRERAS identified WARD as the subject who planned the robbery, and enlisted DAVISON and LEONARD to help. CONTRERAS confirmed LEONARD was on her phone with WARD during the robbery. CONTRERAS did observe LEONARD and DAVISON run out of the bank with a trash can full of U.S. Currency.

13. CONTRERAS gave permission to search her phone. CONTRERAS stated the phone number that WARD used was 713-319-7078. CONTRERAS' phone log shows an 11 minute 37 second phone call at 1:54 pm on January 8, 2016, to the phone number 713-319-7078.

14. CONTRERAS was also aware of a bank that DAVISON, WARD, and LEONARD robbed a bank earlier in the week but was confused on the exact date. CONTRERAS was not present during the robbery, but DAVISON told her they did not get a lot of money during the robbery. CONTRERAS phone showed 3 phone calls between the phone and phone number 713-319-7078 on January 6, 2016 between 2:18pm-2:28pm. CONTRERAS stated DAVISON had her phone during this time.

15. While the subjects were taken into custody and interviews were being conducted, the following evidence was obtained: The black PT Cruiser was located a short distance away from the Xterra. The PT Cruiser was reported stolen by the Houston Police Department. Located in the driver's seat of the PT Cruiser, in plain view, was a silver semi-automatic handgun, matching the description of the weapons seen both on still images and described by witnesses.

16. The Xterra was towed from the traffic stop. An inventory search of the Xterra reveled approximately $19,449.00 in U.S. Currency banded with Amegy Bank cash straps, including a GPS tracking device, a silver, semi-automatic handgun, a trash can, a white t-shirt, a grey hoodie, and keys to a PT Cruiser that matched the stolen PT Cruiser recovered a short distance away.

17. Search incident to arrest located $495.00 in U.S. Currency in DAVISON'S shoes.

18. You affiant dialed the number 713-319-7078, the number believed to be used by WARD, and a phone that was located inside of the Xterra began to ring.

19. Based on the foregoing, I believe there is probable cause that on January 8, 2016, LAWRENCE LEONARD, ALFONSIYA WARD, and DARRIEN DAVISON did by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of the Amegy Bank, insured by FDIC, and in the process of doing so put in jeopardy the life of persons by the use of a dangerous

weapon, in violation of Title 18, United States Code, section 2113(a) and section 924(c)(1)(A)(ii).

Justin Widup
Special Agent FBI

Sworn to before me and subscribed in my presence this __11th__ day of January, 2016, and I find probable cause exists.

Honorable James Froeschner
United States Magistrate Judge